*1311 OPINION.
Love :
The only question at issue in this case is whether the acquisition of the 500 shares of stock by E. J. Payne on April 1, 1920, was a stock dividend, and hence not taxable, or was the result of a purchase by him of that stock with the proceeds of a cash dividend, declared and paid by the corporation.
It is the contention of petitioner that, notwithstanding the purport of the resolutions adopted by the stockholders and by the board of *1312 directors of the corporation, it was mutually understood and agreed by and among the stockholders that it was a stock dividend of 200 per cent and that each and all of the stockholders did take the full amount to which he was entitled.
There seems to be no room for doubt that the whole procedure, as finally consummated, brought about in the end the same ultimate result as though a formal stock dividend had been declared. Each of the stockholders took two shares of the new stock for each old share held by him, and when all had so taken stock, the entire issue was absorbed and each stockholder owned and held exactly the same proportional interest in the corporation which he held prior to that stock issue. Petitioner held before and after that stock issue a one-fourth interest.
However, from a legal point of view the resolutions of the stockholders are what determined the legal rights of the parties, as well as the legal result of the operations. That a cash dividend of $200,000 was authorized by the resolutions dated April 1, 1920, is patent on the face of the instrument. In carrying out the provisions and instructions contained in those resolutions, checks were issued to each stockholder. While it may be true that a mutual understanding and agreement existed among the stockholders that each would take additional stock to the amount of his check, he was not legally bound to do so and could have demanded the cash. The procedure carried out was to all intents and purposes a purchase of stock, and payment therefor was by an endorsed check. It was as much a purchase of that stock as though he had cashed his check and paid the money for the stock.
Such was not the situation in the case of Eisner v. Macomber, 252 U. S. 186. In that case the board of directors, by resolution, authorized a stock dividend. No checks were issued and no payment in cash, or its equivalent, was made. No stockholder could have demanded anything other than his proportionate amount of stock. The Supreme Court in that case said:
An actual cash dividend, with a real option to the stockholder either to keep the money for his own or to reinvest it in new shares, would be as far removed as possible from a true stock dividend.
See also Edward A. Langenbach, 2 B. T. A. 777; Charles Owen, 3 B. T. A. 905; B. F. Saul, 4 B. T. A. 639.
The case of Eisner v. Macomber was decided by the Supreme Court on March 8, 1920, prior to the issuance of the stock in question, and a year prior to the making of the return for 1920. Petitioner is presumed to have known of that decision and there is no evidence in the record to indicate that he did not have actual knowledge of it at that time, and yet he and his wife reported the transaction here involved *1313 as taxable income. The idea that it was not taxable evidently was an afterthought.
In view of all the evidence in the case, and in view of the stipulations at the hearing, we decide that the dividend in question was a cash dividend and taxable as such, and, further, that there is no deficiency as against Margaret B. Payne, Docket No. 21487, and that on motion of respondent, the deficiency against E. J. Payne is enlarged as requested by counsel for respondent.
It may be well to note here that the issue as to whether the $50,000 paid to E. J. Payne on April 1, 1920, was compensation for services, and taxable as such, was not raised by the pleadings. The deficiency notice stamps it as a cash dividend and not a stock dividend, and the sole issue urged was whether it was a stock dividend or a cash dividend.

Judgment will be entered umder Bule 50.